# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

ERIC D. JONES,

    Plaintiff,

v.                                Case No. 12-2372

G4S SECURE SOLUTIONS (USA), INC.,

                                              **JURY DEMANDED**

    Defendant.

## COMPLAINT

COMES NOW Plaintiff Eric D. Jones and brings this action against his former employer Defendant G4S Secure Solutions (USA), Inc. for wrongful termination in violation of the Uniformed Services Employment and Reemployment Rights Act of 1944 (USERRA), 38 U.S.C. § 4301 et seq.

## PARTIES

1. Plaintiff Eric D. Jones ("Sgt. Jones") is an adult male resident of Shelby County, Tennessee and former customer protection officer and employee of Defendant G4S Secure Solutions (USA), Inc. Plaintiff is a sergeant in the Army Reserve.

2. Defendant G4S Secure Solutions (USA), Inc. ("G4S") is a Florida corporation operating and doing business at 1760 Moriah Woods Blvd., Suite 9, Memphis, TN 38117. G4S provides security services and security guard services to businesses. G4S is the former employer of Plaintiff.

## JURISDICTION

3. The Court has jurisdiction over Plaintiff's claims brought under the Uniformed Services Employment and Reemployment Rights Act of 1944 (USERRA) pursuant to 38 U.S.C. § 4323(b)(3) and 28 U.S.C. § 1331.

## STATEMENT OF FACTS

4. Sgt. Jones enlisted in the Army Reserves - National Guard on September 11, 1992. In his almost twenty years of services, Sgt. Jones has served in a variety of roles, including in humanitarian missions in Honduras and El Salvador following the destruction of Hurricane Mitch. In his service, he has risen through the ranks to his current rank of sergeant.

5. On or around December 2011, Defendant hired Sgt. Jones as a Customer Protection Representative. In this role, Sgt. Jones was assigned to various locations in order to provide security services for various Memphis businesses.

6. During his employment, Sgt. Jones performed his job dutifully and competently. Sgt. Jones even sought to recruit other reserve soldiers for work with G4S while on military leave.

7. On March 16, 2012, while on military leave from employment and serving at the Naval Base in Millington, TN, Sgt. Jones sent via facsimile to Major G. Mitchell, Sgt. Jones's G4S supervisor, a copy of Sgt. Jones's orders indicating that he was to report to Active Duty Training School at Camp Shelby, Mississippi on March 29, 2012 for a 16 day duty period. This assignment was necessary for Sgt. Jones to be promoted from his current rank of sergeant.

8. On Monday, March 19, 2012, Sgt. Jones again gave his supervisor, Mr. Mitchell notice—this time verbally—of his orders to report to Camp Shelby, MS on March 29, 2012 for 16 days.

9. On March 29, 2012, Sgt. Jones reported to Camp Shelby pursuant to his orders.

10. On March 30, 2012, Mr. Mitchell left a message for Sgt. Jones indicating that Sgt. Jones was a "no call/no show" for work on March 30, 2012.  Sgt. Jones returned Mitchell's call and attempted to remind Mitchell of Sgt. Jones's military leave.  Mitchell indicated that he did not want to hear anything that Sgt. Jones had to say and that Sgt. Jones was being terminated.

11. As a result of this conversation and his termination, Sgt. Jones became upset and had to take a day off of training.  This day off of training caused Sgt. Jones not to be able to be promoted and required him to repeat the training school assignment.

13. Defendant's termination of Plaintiff was an intentional or willful act taken in reckless disregard for Plaintiff's rights.

## CAUSE OF ACTION

14. Plaintiff incorporates foregoing paragraphs as though specifically set forth herein, and alleges that:

15. In terminating Plaintiff, Defendant discriminated against Plaintiff in violation of 38 U.S.C. § 4311.  Plaintiff's absence from work while at his Army Reserve training was a motivating factor in Defendant's decision to terminate Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the following relief be granted following a jury verdict in his favor:

1. Back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2. Front pay and the value of future lost benefits since reinstatement is not feasible;

3. Liquidated damages in an amount equal to back pay and lost benefits;

4. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorneys' fees allowed under actions brought pursuant to 38 U.S.C. § 4323; and,

5. Such further relief as is deemed just and proper.

Respectfully submitted,

DONATI LAW FIRM, LLP

s/Bryce W. Ashby
Donald A. Donati #8633
William B. Ryan #20269
Bryce W. Ashby #26179
1545 Union Avenue
Memphis, TN 38104
901/278-1004
bryce@donatilawfirm.com
Attorneys for Plaintiff